IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IVAN COLBERT FRAZIER, | § | |
| TDCJ No. 889756, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:81-cv-257-B-BN |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

The Court entered judgment dismissing this 28 U.S.C. § 2254 habeas action filed by Petitioner Ivan Colbert Frazier, a Texas prisoner, on June 28, 1984. *See* Dkt. No. 1. Almost 37 years later, Frazier, proceeding *pro se*, has now filed a Motion to Reopen and Reconsider Dismissed Petition, citing Federal Rule of Civil Procedure 60(b) [Dkt. No. 3] (the Rule 60(b) Motion).

Frazier's recent filing prompted the Court to reassign this case to United States District Judge Jane J. Boyle, who then referred it to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the Rule 60(b) Motion.

**Applicable Background**

Frazier has accumulated multiple Texas convictions, out of Dallas and Ellis County. Frazier's filing the Rule 60(b) Motion in this case plausibly ties that filing to

his 1975 convictions in Dallas County.

As another judge of this Court explained more than 16 years ago:

On January 27, 1975, petitioner was convicted of aggravated assault (Cause No. C74-6536-IL), aggravated rape (Cause Nos. C74-5472-PL & C74-5471-PL), and aggravated robbery (Cause No. C74-5470-PL), and was sentenced to thirty years imprisonment. His convictions were affirmed on appeal. In the late 1970's and early 1980's, he unsuccessfully pursued state applications for writ of habeas corpus. Although petitioner was apparently released from custody on the 1975 convictions, the record does not reflect the date of his release.

On October 7, 1998, petitioner was indicted in Ellis County, Texas, for misdemeanor theft. The indictment contained enhancement paragraphs alleging two misdemeanor January 2, 1996 convictions for theft, the four 1975 felony convictions, and a January 8, 1990 felony conviction for possession of a controlled substance. Petitioner was convicted of the theft charges on August 12, 1999, and sentenced to twenty years imprisonment.

*Frazier v. Dretke*, No. 3:03-cv-864-D, 2005 WL 762605, at *1 (N.D. Tex. Apr. 4, 2005),

*rec. accepted*, 2005 WL 1017856 (N.D. Tex. Apr. 27, 2005).

On October 8, 2012, Frazier was released to parole subject to certain conditions, including that he register as a sex offender and participate in the Sex Offender Treatment Program. He registered as a sex offender on October 1, 2012. In June 2016, a pre-revocation arrest warrant was issued and executed.

*Frazier v. Davis*, No. 3:17-cv-408-L, Dkt. No. 24 at 2 (N.D. Tex. Oct. 2, 2018), *rec.*

*accepted*, 2018 WL 5831446 (N.D. Tex. Nov. 7, 2018).

Potentially related, Frazier was then convicted of theft in Ellis County in 2017

and sentenced to five years of imprisonment.

## Legal Standards

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief

from his conviction. But he may not usually make a 'second or successive habeas

corpus application.'" *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C.

§ 2244(b)).

As such, Section 2244

lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
...
Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

While Rule 60(b) provides for relief from a final judgment or order, "a Rule 60(b) motion for relief from a final judgment denying habeas relief counts as a second or successive habeas application … so long as the motion 'attacks the federal court's previous resolution of a claim on the merits.'" *Banister*, 140 S. Ct. at 1709 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); citation, internal quotation marks, and brackets omitted).

But "there are two circumstances in which a district court may properly consider a Rule 60(b) motion in a § 2254 proceeding: (1) the motion attacks a 'defect in the integrity of the federal habeas proceeding,' or (2) the motion attacks a procedural ruling which precluded a merits determination" by, for example, arguing

that a district court's ruling as to exhaustion, procedural default, or limitations was in error. *Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018) (quoting *Gonzalez*, 545 U.S. at 532).

A federal court lacks subject matter jurisdiction to entertain a habeas petition – initial or successive – if, at the time that the petition is filed, the petitioner is not "in custody" under the conviction and sentence that he seeks to attack. *See* 28 U.S.C. § 2241(c); 28 U.S.C. § 2254(a); *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989); *see also Burton v. Stewart*, 549 U.S. 147, 152 (2007) ("The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody, § 2244(b)(1).").

A petitioner need not be physically confined to be "in custody" for the purposes of habeas relief. Even so, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *see also Hendrix*, 888 F.2d at 337-38 (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of Section 2254).

But a petitioner need not be "in custody" – physically or otherwise – for the Court to consider a true Rule 60(b) motion. *See, e.g., Hill v. Johns*, No. 11-CV-735-

GKF-PJC, 2012 WL 3158988 (N.D. Okla. Aug. 3, 2012) (considering and then denying relief under Rule 60(b) where the court dismissed the habeas petition because petitioner was not "'in custody' under the challenged conviction in order to obtain habeas corpus relief").

## Analysis

Frazier begins the Rule 60(b) Motion by requesting that the Court "resolve the unconstitutional claims on their merits now since clear precedent are currently established unlike when you passed your ruling back in 1985 to the appeal court." Dkt. No. 3 at 1. And he concludes by arguing that the "[f]ailure of these causes in petitioner[']s original petition to be ruled on have 'ruined his life.' He has been subjected to fundamental miscarriage of justice. Any procedural default ought to be overcome by his showing of actual innocence." *Id.* at 4 (citing *Coleman v. Thompson*, 501 U.S. 722 (1991); *McQuiggin v. Perkins*, 569 U.S. 383 (2013)).

Frazier further makes vague arguments as to his actual innocence.

As the United States Supreme Court held in *McQuiggin*, an actual innocence claim can "circumvent [a] nonjurisdictional procedural default." *United States v. Springer*, 875 F.3d 968, 979-80 (10th Cir. 2017); *see also id.* at 979 n.7 ("Although *McQuiggin* uses the term 'procedural bar,' which could potentially encompass jurisdictional bars, its decision is limited to procedural default rules. All of the precedent the Court relies on in *McQuiggin* involves nonjurisdictional procedural default rules. And the actual holding in *McQuiggin* impacts the one-year statute of limitation, which is nonjurisdictional." (citations omitted)); *Howard v. Davis*, No.

3:18-cv-2629-L-BK, 2019 WL 2290252, at *4 (N.D. Tex. Apr. 4, 2019) ("'[A] credible showing of actual innocence' not only satisfies the fundamental miscarriage of justice exception for state procedural default issues but also justifies an equitable exception to section 2244(d)'s limitations period." (citing *McQuiggin*, 569 U.S. at 391, 397; citation omitted)), *rec. accepted*, 2019 WL 2287712 (N.D. Tex. May 29, 2019), *reconsideration denied*, 2019 WL 11717156 (N.D. Tex. July 17, 2019).

So, allowing for liberal construction, it does seem that Frazier has not filed a successive petition but has instead filed a true Rule 60(b) motion, a motion that the Court has jurisdiction to consider. *See, e.g.*, *Tamayo v. Stephens*, 740 F.3d 986, 990 (5th Cir. 2014) (per curiam) (observing that "[a] Rule 60(b) directed to a procedural ruling that barred consideration of the merits, such as a procedural default, is not considered a 'successive' petition and is properly brought as a Rule 60(b) motion" and concluding "that the district court had jurisdiction to consider" a purported Rule 60(b) motion "challeng[ing] a prior ruling of the district court that found [the petitioner's] *Atkins* claim procedurally defaulted" (citation omitted)).

The Court should therefore "determine whether [the Rule 60(b) Motion] has merit under the specific subsection of Rule 60(b) invoked by" Frazier. *Gilkers*, 904 F.3d at 344 (footnote omitted); *see also Bahsoon v. Wells Fargo Bank, NA*, No. 3:12-cv-2017-D, 2013 WL 1831786, at *1 (N.D. Tex. May 1, 2013) ("The burden of establishing at least one of the Rule 60(b) requirements is on ... the movant." (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075-76 n.14

(5th Cir. 1994) (en banc))).

While Frazier fails to cite a specific subsection, more generally, "[t]he extraordinary relief afforded by Rule 60(b) requires that the moving party make a showing of unusual or unique circumstances justifying such relief." *Wallace v. Magnolia Family Servs., L.L.C.*, Civ. A. No. 13-4703, 2015 WL 1321604, at *2 (E.D. La. Mar. 24, 2015) (citing *Pryor v. U.S. Postal Servs.*, 769 F.2d 281, 286 (5th Cir. 1985)). And Rule 60(b) motions are typically committed to the sound discretion of the district court. *See Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998) (noting that the United States Court of Appeals for the Fifth Circuit has "consistently held that the relief under Rule 60(b) is considered an extraordinary remedy and that the desire for a judicial process that is predictable mandates caution in reopening judgments" (internal quotation marks and alterations omitted)).

In addition to showing that relief is required, Rule 60(b) motions "must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding," FED. R. CIV. P. 60(c) – "unless good cause can be shown for the delay," *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004).

"'What constitutes a "reasonable time" depends upon the facts of each case, taking into consideration the interest in finality, the reason for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties.'" *Id.* (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)).

Waiting more than three decades to challenge judgments in Section 2254 cases does not seem reasonable.

But, insofar as Frazier raises his actual innocence as either a good cause for his delay – considering that "'actual innocence, if proved, serves as a gateway through which a petitioner may pass [even if] the impediment is a procedural bar ... or ... expiration of the statute of limitations,'" *Hancock v. Davis*, 906 F.3d 387, 389 (5th Cir. 2018) (quoting *McQuiggin*, 569 U.S. at 386) – or as a basis for relief, first, actual innocence is not an independent ground for federal habeas relief, *see McQuiggin*, 569 U.S. at 392 ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." (citing *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993))); *accord House v. Bell*, 547 U.S. 518, 554-55 (2006); *Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014).

And Frazier has not made a credible claim of actual innocence. "[A] credible gateway 'claim [of actual innocence] requires [the] petitioner to support his allegations of constitutional error with new reliable evidence ... that was not presented at trial.'" *Hancock*, 906 F.3d at 389 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "Examples of 'new reliable evidence' are 'exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.'" *Fratta v. Davis*, 889 F.3d 225, 232 (5th Cir. 2018) (quoting *Schlup*, 513 U.S. at 324).

Frazier's "new evidence," however, appears to be a claimed change in the law. But such "evidence" neither supports a credible gateway claim of actual innocence, nor does "a 'change in decisional law' ... constitute the 'extraordinary circumstances'

necessary to support Rule 60(b) relief." *Tamayo*, 740 F.3d at 990 (citing *Adams v. Thaler*, 679 F.3d 312, 319-20 (5th Cir. 2012) ("[I]n *Gonzalez*, the [United States] Supreme Court concluded that a change in decisional law, concerning the interpretation of AEDPA's statute of limitations, after the entry of the district court's judgment dismissing the habeas petition did not constitute 'extraordinary circumstances' under Rule 60(b)(6).")).

The Court should therefore deny the Rule 60(b) Motion.

## Recommendation

The Court should deny Petitioner Ivan Colbert Frazier's Motion to Reopen and Reconsider Dismissed Petition [Dkt. No. 3] but should reopen and then close this case for statistical purposes based on any order accepting or adopting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

     DATED: June 16, 2021

                                       _____

                                       DAVID L. HORAN
                                       UNITED STATES MAGISTRATE JUDGE