IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IVAN COLBERT FRAZIER, | § | |
| TDCJ No. 889756, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:81-cv-257-B |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. Objections were filed. The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding no error, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

The Court therefore **DENIES** Petitioner Ivan Colbert Frazier's Motion to Reopen and Reconsider Dismissed Petition [Dkt. No. 3], made under Federal Rule of Civil Procedure 60(b). And, because Petitioner's Motion to Reopen is denied as a true Rule 60(b) motion—and is not, in the Court's view, a successive habeas application—should Petitioner elect to appeal the Court's decision, no certificate of appealability is required. *See Dunn v. Cockrell*, 302 F.3d 491, 492 & n.1 (5th Cir. 2002) (per curiam).

But, if Petitioner does file a notice of appeal, he must also either pay the $505 appellate filing

fee or move for leave to proceed *in forma pauperis* on appeal.

Finally, the Court **DIRECTS** the Clerk to **REOPEN** and then **CLOSE** this case for statistical

purposes based on this order.

**SO ORDERED.**

**DATED: JULY 12, 2021.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE